WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aretha F., | No. CV-18-2226-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Aretha F. seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. The Commissioner concedes that the Administrative Law Judge's ("ALJ") decision was erroneous and requests a remand for further proceedings. Doc. 17. Because the Court finds no serious doubts as to Plaintiff's continued disability, the ALJ's decision will be vacated and the matter remanded for an award of benefits.

**I.     Background.**

Plaintiff is a 40-year-old female who previously worked as an assistant teacher, a dog groomer, a journalist, and a morning show producer. A.R. 56-59. On February 9, 2016, she applied for disability insurance benefits and supplemental security income, alleging disability beginning December 31, 2015. A.R. 16. On February 7, 2018, Plaintiff and a vocational expert ("VE") testified at a hearing before the ALJ. *Id.* On March 23,

2018 the ALJ found that Plaintiff was disabled from December 31, 2015 through January 29, 2018, but that she was able to work as of January 30, 2018. A.R. 33. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. A.R. 1-3.

The Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

**II.     The ALJ's Five-Step Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). To establish disability, the claimant must show that (1) she is not currently working, (2) she has a severe impairment, and (3) this impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") prevents her performance of any past relevant work. If the claimant meets her burden through step three, the Commissioner must find her disabled. If the inquiry proceeds to step four and the claimant shows that she is incapable of performing past relevant work, the Commissioner must show at step five that the claimant is capable of other work suitable for her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2022, and that she has not engaged in substantial gainful activity since December 31, 2015. A.R. 20. At step two, the ALJ found that Plaintiff has the following severe impairments: depression, post-traumatic stress disorder (PTSD), ETOH use disorder, fibromyalgia, radiculopathy, degenerative disc disease, foraminal stenosis, and obesity. *Id*. at 19. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. *Id*. At step four,

the ALJ found that Plaintiff has the following RFC for December 31, 2015 through January 29, 2018:

> [Plaintiff can] perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations: the claimant should avoid climbing ladder/ropes/scaffolds; the claimant can occasionally climb ramps/stairs; the claimant can frequently bend, stoop, kneel, balance, crouch and crawl; the claimant should avoid all hazards; the claimant is capable of performing jobs that have a reasoning level 3 or below; the claimant can have occasional interaction with public, coworkers and supervisors; the claimant will be absent from work more than 1 day per month.

*Id*. at 24-25. The ALJ found that Plaintiff is unable to perform any past relevant work. *Id*. at 26. The ALJ then determined that, from December 31, 2015 through January 29, 2018, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed. *Id*. But the ALJ found that Plaintiff's disability ended on January 30, 2018 because the record reveals medical improvement in her symptoms of depression and overall joint and body pain. A.R. 30.

Once an ALJ finds a claimant disabled, the ALJ follows an eight-step sequential evaluation to determine whether a claimant's disability continues through the date of the decision. *See* 20 C.F.R. § 404.1594(f)(1)-(8). The ALJ determines whether: (1) the claimant is engaging in substantial gainful activity, (2) the claimant has an impairment or combination of impairments which meets or medically equals the severity of a listed impairment, (3) medical improvement has occurred, (4) medical improvement is related to ability to work, (5) an exception to medical improvement applies, and (6) whether all the claimant's current combined impairments are severe. The ALJ then assesses (7) the claimant's RFC based on current impairments and determines whether he can perform past relevant work, and (8) whether the claimant can perform other work that is suitable for his RFC, age, education, and work experience. *Id.*

The ALJ found that Plaintiff's medical impairment was related to her ability to work because there has been an increase in her residual functional capacity. A.R. 30. Beginning January 30, 2018, the ALJ assigned Plaintiff the following RFC:

> [Plaintiff can] perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations: the claimant can occasionally climb ramps/stairs; the claimant can frequently bend, stoop, kneel, balance, crouch and crawl; the claimant should avoid all hazards; the claimant is capable of performing jobs that have a reasoning level 3 or below; the claimant can have occasional interaction with the public, coworkers and supervisors.

A.R. 31. The ALJ found that Plaintiff was still unable to perform past relevant work, but that jobs exist in significant numbers in the national economy that Plaintiff can perform, such as document preparer, surveillance system monitor, and assembly-bench hand. A.R. 32-33.

## III. Analysis.

Plaintiff argues that the ALJ's decision is defective for three reasons: (1) the ALJ erred by finding Plaintiff's condition improved on January 29, 2018; (2) the ALJ erred in rejecting the opinion of Dr. Chaudhary, Plaintiff's treating physician; and (3) the ALJ erred in finding Plaintiff only partially credible. Doc. 13 at 1. Plaintiff seeks reversal and a remand for benefits. *Id*. at 13-14. The Commissioner agrees that the ALJ erred on all three reasons and requests a remand for further proceedings. Doc. 17 at 6. The sole issue before this Court is the scope of the remand.

### A. The Improperly Credited Evidence.

Because it will inform the remand analysis, the Court will briefly review the improperly weighed evidence.

#### 1. Dr. Chaudhary's Opinion.

Dr. Chaudhary treated Plaintiff while she was a patient at Aurora Behavioral Health from July 14, 2017 to August 16, 2017. Dr. Chaudhary's August 2017 opinion states that Plaintiff suffered from profound depression, irritability, poor concentration, anxiety, and an inability to function consistently. A.R. 627. The opinion states that Plaintiff could not work. A.R. 628.

Dr. Chaudhary opined that Plaintiff was unable to meet competitive standards in remembering work-like procedures; understanding and remembering short and simple

instructions; carrying out short and simple instructions; maintaining regular attendance and punctuality; completing a normal work day and work week without interruption from psychologically based symptoms; responding appropriately to changes in routine work settings; and being aware of normal hazards and taking appropriate precautions. *Id*. Dr. Chaudhary also opined that Plaintiff was seriously limited in her ability to maintain attention for a two-hour work segment, sustain an ordinary routine, work in coordination with or proximity to others without being distracted, ask simple questions or request assistance, and get along with coworkers without unduly distracting them or exhibiting behavioral extremes. *Id*.

Dr. Chaudhary opined that Plaintiff was unable to function or meet competitive standards in her ability to understand, remember, and carry out detailed instructions; set realistic goals; and deal with the stress of semiskilled or skilled work. A.R. 631. Plaintiff was also limited in her ability to interact appropriately with the public, maintain socially appropriate behavior, adhere to basic standards of neatness and cleanliness, travel in unfamiliar places, and use public transportation. *Id*.

The ALJ afforded Dr. Chaudhary's opinion great weight for the period of disability and no weight for everything after January 30, 2018. A.R. 24; 29. During Plaintiff's disability, the ALJ found Dr. Chaudhary's opinion consistent with evidence that Plaintiff was treated for depression, decreased appetite, sleep impairment, crying spells, and an inability to function. A.R. 24 (citing A.R. 476). Despite intensive therapy and medication management, Plaintiff had been hospitalized on four different occasions, for up to a month at a time, over a course of 18 months. *Id.* (citing A.R. 534; 548; 602; 553; 598-600; 1494; 1532; 1386-87). The ALJ found Dr. Chaudhary's opinion not consistent with the record as of January 30, 2018, citing a January 31 group therapy record stating that Plaintiff felt fine and was observed as friendly, with a clean appearance. *Id*.

### 2. Plaintiff's Testimony.

Plaintiff testified that she was seeking treatment for major depressive disorder and anxiety when she had a breakdown on New Year's Eve, 2015. A.R. 44. She was working

overnight as a morning show producer in New Orleans and felt a lot of stress that eventually manifested in body pain and fatigue over the next few weeks. A.R. 45. She did not return to work and was hospitalized in early 2016. *Id*. She completed two weeks of inpatient and four weeks of outpatient therapy with a behavioral health facility. *Id*. at 46. She later moved to an inpatient facility specializing in childhood trauma. A.R. 48-49. She completed the program, working on her depression, anxiety, and PTSD, and lived in a weekly rental until she was evicted in July 2017. A.R. 50. Plaintiff testified that following her eviction she formed a plan to kill herself and was admitted to Aurora Behavioral Health, Tempe. A.R. 51. She stayed in Aurora for a month. A.R. 51.

Plaintiff testified that she takes her life "day by day" because she never knows how she will feel when she wakes up. *Id*. Some days she is more functional than others. A.R. 53. She testified that she wakes up with a lot of pain in her legs and back and uses a walker. A.R. 52-53. She attends group therapy at least four times a week as part of a sixteen-hour program. A.R. 53. If she is not feeling fatigued, Plaintiff attends church on Sundays. A.R. 54. She has trouble sleeping and wakes often in the middle of the night. A.R. 55. She testified to getting about five to six hours of sleep each evening and sleeping or laying down during the day. *Id*.

During the hearing, the ALJ asked Plaintiff if her mental and physical health had improved, and she replied that it had because she was able to spend some time focusing on her impairments without worrying about bills, rent, or employment. A.R. 60. Plaintiff also testified that despite the improvement, she "has a long way to go." A.R. 62.

The ALJ found Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms to be generally consistent with the evidence from December 31, 2015 to January 29, 2018. A.R. 26. But the ALJ found Plaintiff's testimony inconsistent with evidence after January 30, 2018 because her joint pain improved with nonsteroidal inflammatory medication and her physical exams revealed normal motor strength in upper and lower extremities, spine non-tender to palpation, no paraspinal muscle spasm, and a negative straight leg raise. A.R. 31.

### 3. Medical Improvement.

The Commissioner bears the burden of establishing that a claimant has experienced medical improvement that would allow her to engage in substantial gainful activity. *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983). The ALJ found Plaintiff experienced medical improvement as of January 30, 2018, citing a January 31, 2018 treatment note from Recovery Innovations, Plaintiff's housing and care provider. A.R. 1080. The note followed a group session where members met to discuss their wellness goals. *Id*. During the session, Plaintiff stated that she was "fine"; she was dressed in clean clothes and had a clean appearance. *Id*. It appears Plaintiff spoke often, read aloud, and participated in the general discussion about sugar. *Id*. The ALJ also found Plaintiff's physical exams reviewed "minimal to no objective findings." A.R. 30. She cited two physical assessments from February 2017 – one where the doctor noted improvement in Plaintiff's aches and pains after using nonsteroidal inflammatory medications (A.R. 711) and the other where Plaintiff still had joint pain, stiffness, and body aches (A.R. 718). In both instances, Plaintiffs' general examination findings were unremarkable. A.R. 711,718.

The ALJ found that the medical improvement affected Plaintiff's ability to work because it affected her RFC. A.R. 30. The new RFC that was almost the same as the first RFC, except that Plaintiff no longer needed to miss more than one day of work per month. A.R. 31. Based on the new RFC and the VE's testimony, the ALJ found that Plaintiff could perform jobs that exist in significant number in the national economy. A.R. 32.

### D. The Remand.

Plaintiff argues that the Court should remand for benefits because Dr. Chaudhary's opinion, credited as true, establishes that Plaintiff is disabled, and remand for further proceedings would delay much needed income for Plaintiff while giving the Commissioner a second chance. *Id*. at 13-14. The Commissioner argues that Plaintiff has not satisfied all elements of the "credit as true rule," and the record creates serious doubts as to Plaintiff's disability. Doc. 17 at 5.

### 1. Legal Standard.

"When the ALJ denies benefits and the Court finds error, the Court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Under a "rare exception" to this rule, the Court may remand for an immediate award of benefits after conducting a three-part inquiry:

> First, the Court asks whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Next, the Court determines whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administrative proceedings would be useful. When these first two conditions are satisfied, [the Court] will then credit the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability.

*Id*. (internal quotation marks and citations omitted). *Leon* emphasized that the Court has discretion to remand for further proceedings even if it reaches the third step in the process. *Id*. "Where an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id*. (quotation marks omitted).

### 2. Application.

The parties agree that the ALJ failed to provide legally sufficient reasons for rejecting the treating physician's opinion and Plaintiff's testimony, and to support the ALJ's finding of medical improvement. The first step is satisfied.

Under the second step, the Commissioner argues that there are outstanding issues in the record because the January 31, 2018 treatment record shows that Plaintiff improved. Doc. 17 at 6-7. The Commissioner argues that a remand is necessary to reevaluate this evidence in the context of the record, reevaluate Plaintiff's RFC, obtain supplemental vocational expert evidence, and offer Plaintiff the opportunity for a new hearing to complete the administrative record and issue a new decision. *Id*. at 8.

But there are no contradictions or gaps in the record. The January 31, 2018 notes do not assess Plaintiff's vocational abilities, nor do they even assess the severity of her

symptoms. The notes merely observe Plaintiff's interactions in group therapy and one on one peer review on a single date. There is no evidence that Plaintiff's one-time success in such a controlled setting indicates that she can function daily in an employment setting. *See Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("[D]oing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to claimant's work-related functional capacity."). Further, the notes are not provided by a physician or examiner and therefore do not outweigh Dr. Chaudhary's assessed limitations. *See Rodriguez v. Brown*, 876 F.2d 759, 763 (9th Cir. 1989) ("The ALJ's conclusion that [claimant] was responding to treatment does not provide a clear and convincing reason for disregarding [the treating physician's] opinion. No physician opined that any improvement would allow [claimant] to return to work."). Indeed, Dr. Chaudhary's opinion contemplates that Plaintiff would respond well to a highly structured setting. *See* A.R. 627.

Further, Plaintiff's medical records note the normal wax and wane of mental health symptoms, which could include periods of improvement before and after severe symptoms. *See, e.g.*, A.R. 49 (Plaintiff testified that her time in a center helped her understand her condition better and develop coping skills); 296 (2015 treatment note where Plaintiff described her mood as calm); 306 (2015 treatment note stating that she was in a good mood); *see also Garrison*, 759 F.3d at 1018 ("[W]hile discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment."). Thus, isolated treatment notes reflecting Plaintiff's positive condition on a single day do not contradict the severity of Plaintiff's reported symptoms or assessment of her limitations. *See Garrison*, 759 F.3d at 1017 ("[I]t is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

The Court finds there are no factual gaps in the record or inconsistencies to explore with further proceedings. Therefore, at step three, crediting Dr. Chaudhary's opinion and Plaintiff's testimony as true, and reversing the ALJ's determination of medical

improvement, the Court finds no serious doubts that Plaintiff's disability continued through the present date.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for an award of benefits. The Clerk shall enter judgment accordingly and **terminate** this action.

Dated this 20th day of February, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge